FABIÁN, PETITIONER, v. ROSSY, DISTRICT JUDGE, ET AL., RESPONDENTS (FINLAY, INTERVENOR).

PETITION for Writs of *Certiorari* to the Judges of the District Courts of San Juan, Section 2, and of Humacao, in an Action for Divorce.

No. 149.—Decided July 15, 1915.

JUDICIAL NOTICE—VACATION OF DISTRICT COURTS.—The Supreme Court will take judicial notice of the vacation terms of the district courts.

DISTRICT JUDGE — SUBSTITUTION — VACATION. — The mutual substitution of the judges of Sections 1 and 2 of the District Court of San Juan, established by section 12 of the Act approved March 8, 1906, does not include the case in which one of the judges is on vacation, for it refers only to cases in which one of the judges is sick or unable to perform his duties for reasons over which he has no control, and there is no act establishing a rule of substitution in a case in which a district judge is on vacation.

ID.—TRANSFER OF CAUSES—JURISDICTION.—As one of the judges of the two Sec-
tions of the District Court of San Juan cannot substitute the other except
in the cases specified in section 12 of the Act of March 8, 1906, he is like-
wise without jurisdiction to transfer a case improperly brought before him
to another district court.

ID.—DISQUALIFICATION OF JUDGE—HEARING OF PARTIES—CHANGE OF VENUE.—
When a judge understands that he is disqualified under section 23 of the
Code of Civil Procedure from presiding in a case, according to section 84
of the same code he cannot order a change of venue without first hearing
the parties as to the district to which they wish the case transferred.

The facts are stated in the opinion.

*Messrs. Bosch & Soto* for the petitioner.

*Messrs. Llorens & Canales* for the intervenor.

The respondents did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

On April 17, 1915, Josefina Finlay brought an action for
divorce in the District Court of San Juan, Section 1, against
her lawful husband, Rafael Fabián, and the latter having
been summoned, he appeared and moved to strike out certain
parts of the complaint.

On a verified motion of the plaintiff the said court, on
April 19, ordered that the child Josefina, daughter of the
spouses Fabián-Finlay, should remain in the care and custody
of the plaintiff *pendente lite,* but on May 5, following, both
parties submitted to the court a written agreement, which was
approved, to the effect that the child Josefina should be placed
in the care and custody of the Reverend Mothers of the Sacred
Heart College in the ward of Martín Peña of this city, sub-
ject to the orders of the said court, and that neither of the said
spouses should remove the child from the college during that
time, although they might continue family relations with her.

On May 22 another motion was filed by Josefina Finlay
praying the court to make a personal inspection of the con-
dition of the child and the circumstances by which she was
surrounded in order to decide whether she should spend her
vacation in the Sacred Heart College, where she then was,
or in the company of her mother and grandmother who re-

sided in Santurce and from whom she would receive every attention and comfort. It does not seem that any ruling was made on the said motion.

On June 9 another motion was filed by Josefina Finlay in the District Court of San Juan, Section 1, praying it to order that the child Josefina Fabián Finlay be allowed to spend the two months of vacation at the home and under the care of the plaintiff on the ground that the state of the child's health demanded her removal from the college. That motion was not served upon the defendant.

On June 11 the said plaintiff filed a motion in the District Court of San Juan, Section 2, praying that in view of the urgency of the case due to the fact that the child Josefina Fabián Finlay was suffering from a serious psychic affection which might gravely affect her health, as attested by an affidavit of medical experts which accompanied the motion, the said court, in accordance with the provisions of the Act approved in 1906 referring to the two Sections of the District Court of San Juan, should set a day and hour for a hearing on the motion filed in Section 1 of the said court on June 9. Neither was that motion served upon defendant Rafael Fabián. On June 14 the District Court of San Juan, Section 2, made the following order:

"*Whereas* in this case, which is pending in Section 1 of this District Court, the plaintiff has filed a duly verified motion based on the sworn reports of expert physicians praying that the child Josefina Fabián Finlay, who is at present in the custody of this court in the College of the Sacred Heart of Jesús in the Santurce ward of this city, be removed from the said college to the home of the plaintiff, mother of the said child, there to pass the vacation period of said college, the said motion being based on the ground that the said child is sick and that her health is in grave danger;

"*Whereas* the attorneys for the plaintiff, pursuant to the act referring to the two Sections of this District Court, approved in 1906, have moved the judge of Section 1 to hold a hearing on the said motion in view of the urgency thereof;

"*Whereas* the undersigned judge of Section 1 considers himself disqualified from presiding at the hearing on the said motion because he is personally acquainted with the case and has formed an opinion;

"*Whereas* for the said reasons justice requires that this motion be heard and decided in another court where such conditions do not exist and the court of Humacao being the one nearest to San Juan;

"*Therefore,* it is ordered by the judge of Section 2 of this court, acting as judge *ad interim* of Section 1, that this case be transferred immediately to the District Court of Humacao and, therefore, that the secretary of this district court forward the record to the said court of Humacao, pursuant to section 85 of the Code of Civil Procedure, the costs of such transfer being for account of the plaintiff."

As a consequence of the said proceedings the attorneys for Rafael Fabián applied to this court on June 17 for a writ of *certiorari* directed to either Jesús María Rossy, Judge of the District Court of San Juan, Section 2, or to Rafael Cuevas Zequeira, Judge of the District Court of Humacao, to have sent up the original record of the case or certified copies thereof, praying that this court review the proceedings and adjudge that the order of June 14, 1915, is null and void.

On June 18 a writ of *certiorari* issued to Jesús María Rossy, Judge of the District Court of San Juan, Section 2, who made the order sought to be set aside, and as he could not send up the record because it had been forwarded to the District Court of Humacao, the judge of that court was ordered to send it up and the hearing was set for June 25. The attorneys for Rafael Fabián and Josefina Finlay were present at the hearing.

The only legal question for consideration and decision is whether the judge of the District Court of San Juan, Section 2, had jurisdiction to make the order sought to be set aside.

Section 1 of the Act to provide the District Court for the Judicial District of San Juan with two judges, approved March 8, 1906, provides that the said court shall consist of two judges and shall be divided into two sections, to be known as Section 1 and Section 2; and after fixing the jurisdiction

of the judge of each section and making other provisions not pertinent to the present case, the act provides in section 12 "that the judges of Sections 1 and 2 may substitute each other in case of illness of one of them or.in such cases as for any other reason any one of them shall be disqualified to perform his duties."

In the motion filed in the District Court of San Juan, Section 2, on June 11, 1915, asking for a hearing on the motion directed to the judge of Section 1 praying that the child Josefina Fabián Finlay be removed to the home of her mother, there to spend the vacation period of two months in the care of the plaintiff, it is not alleged that the judge of Section 1 was sick, nor is a reason alleged for his inability to perform his duties; but as we take judicial notice of the fact that the vacation term of the District Court of San Juan, Section 1, includes the months of June and July, we may conclude that the motion under consideration was made to the judge of Section 2 because the judge of Section 1 was absent on vacation.

It seems to us that the mutual substitution of the judges of Sections 1 and 2 of the District Court of San Juan established by section 12 of the act cited does not include the case in which one of the judges is on vacation.

The act refers only to cases in which one of the judges is sick or unable to perform his duties, or—what amounts to the same—cases in which the judge is unable to act for reasons over which he has no control. When he ceases to act in order to take advantage of the vacation allowed him by law, the substitution provided for by section 12 does not follow.

There is no act establishing a rule for substitution in cases in which a district judge is on vacation and there is no special legal reason for authorizing such substitution in the case of the judges of the two sections of the District Court of San Juan when the law does not expressly provide therefor.

Judge Jesús María Rossy of Section 2 of the District Court of San Juan had no authority to act as substitute for the judge of Section 1 in a case like the present and if section

12 of the Act of March 8, 1906, conferred no jurisdiction upon him for that purpose, he was likewise without jurisdiction to transfer the case to the District Court of Humacao.

But even on the hypothesis that he was the judge *ad interim* of Section 1 by reason of the vacation of the judge *de jure,* he would not have had jurisdiction to transfer the case to the District Court of Humacao in the manner in which he did.

Section 23 of the Code of Civil Procedure provides that—

"A judge cannot act as such in any of the following cases:

"1. In an action or proceeding to which he is a party, or in which he is interested.

"2. When he is related to either party by consanguinity or affinity within the third degree, computed according to the rules of law.

"3. When he has been attorney or counsel for either party in the action or proceeding.

"But this section does not apply to the arrangement of the calen- dar or the regulation of the order of business, nor to the power of transferring the cause to another district."

The said section does not prescribe what district the suit should be transferred to in said cases. That silence is sup- plied by section 84 of the same code, which reads as follows:

"If an action or proceeding is commenced or pending in a court, and the judge thereof is disqualified from acting as such, or if, for any cause, the court orders the place of trial to be changed, it must be transferred for trial to a court the parties may agree upon by stipulation in writing, or made in open court and entered in the minutes; or, if they do not so agree, then to the nearest court where the like objection or cause for making the order does not exist, as follows:

"1. If in the District Court, to another District Court."

If Judge Rossy, whose authority to substitute the Judge of Section 1 of the District Court of San Juan except in the cases enumerated in section 12 of the Act of March 8, 1906, we do not recognize, really considered himself such lawful substitute by virtue of the said section and understood that

he was disqualified from acting in the case, he should have heard the parties as to the district to which they desired the case to be transferred before ordering its transfer to the District Court of Humacao. Instead of doing this he ordered the transfer without hearing the parties, thereby violating the section transcribed. We say this on the supposition, without admitting it as a fact, that he had the right to substi- tute the judge of Section 1 and so had jurisdiction of the case.

Jurisdiction of the case could not pass to Judge Rossy without an order by the judge who had original jurisdiction of it, or else by order of the Governor if the case came under the provisions of section 21 of the Code of Civil Procedure.

For the foregoing reasons this application for a writ of *certiorari* is sustained and the order of June 14, 1915, made by the Judge of the District Court of San Juan, Section 2, is set aside.

*Petition sustained.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.